IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01158-BNB

ELISEO ADAME MANZANARES,

    Plaintiff.

v.

THE LAW FIRM OF ARONOWITZ & MECKLENBURG, LLP,
ROBERT ARONOWITZ,
SUSAN J. HENDRICK,
KIMBERLY PITANIELLO,
BANK OF AMERICA, N.A.,
BANK OF NEW YORK,
TWO UNNAMED ARAPAHOE SHERIFF DEPUTIES,

    Defendants.

---

ORDER TO AMEND

---

    Plaintiff, Eliseo Adame Manzanares, acting *pro se,* initiated this action on May 2, 2013, by filing a Complaint challenging a state court foreclosure proceeding and eviction, ECF No. 1. Subsequently, Plaintiff filed an Amended Complaint, ECF No. 6, and an Ex-Parte Motion for Emergency Temporary Restraining Order or Preliminary Injunctive relief, ECF No. 7. Again in the Amended Complaint, Plaintiff challenges a state court foreclosure and eviction. Plaintiff claims jurisdiction for his claims pursuant to 28 U.S.C. § 1331, 1337, and 1343(a) and Colo. Rev. Stat. 13-1-124(1)(c). Plaintiff also appears to claim violations of the following: (1) the Fourteenth Amendment; (2) 42 U.S.C. § 1981 et seq.; (3) Civil Rights Act of 1964 for Equal Accommodation Rights § 2000d; (4) Fair Housing Act of 1968; and (5) protected activities under 18 U.S.C. §§ 242, 245 and 42 U.S.C. §§ 3631 and 14141. Plaintiff further seeks relief under state

statutes for slander of title and trespass. Plaintiff throughout the Amended Complaint also refers to his rights under 42 U.S.C. § 1983 and the First Amendment. Finally, Plaintiff seeks relief and compensation under Colo. R. Civ. P. 105, a hate crime investigation, a quieting of title to the subject property adjudicating him as the owner, and costs and damages.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief for two reasons. First, Plaintiff asserts several of his claims in the Complaint against "Defendants" or "Foreclosing Attorneys" collectively without identifying specifically which Defendant or Defendants are being sued with respect to these claims. Second, Plaintiff's claims are repetitive and conclusory and vague.

Further, Plaintiff may use fictitious names, such as John or Jane Doe, if he does not know the real names of the individuals who allegedly violated his rights. If, however, Plaintiff uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

For the foregoing reasons, Plaintiff must file an Amended Complaint if he wishes to pursue any claims in this action. Plaintiff must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the [C]ourt cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff's federal constitutional claims must be asserted against a person who acts under color of state law and deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff file a Second Amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this Order. It is

FURTHER ORDERED in keeping with D.C.COLO.LCivR 8.1 Plaintiff shall use a Court-approved form to file his Second Amended Complaint. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint that complies with this Order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion to Leave to File Corrected Complaint and Jury Demand, ECF No. 5, is denied as unnecessary.

DATED August 14, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge