IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01158-BNB

ELISEO ADAME MANZANARES,

    Plaintiff,

v.

THE LAW FIRM OF ARONOWITZ & MECKLENBURG, LLP,
ROBERT ARONOWITZ,
SUSAN J. HENDRICK,
KIMBERLY PITANIELLO,
BANK OF AMERICA, N.A.,
BANK OF NEW YORK, and
2 UNNAMED ARAPAHOE SHERIFF DEPUTIES,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Eliseo Adame Manzanares, acting *pro se,* initiated this action on May 2, 2013, by filing a Complaint, ECF No. 1, challenging a state court foreclosure proceeding and eviction.  Subsequently, Plaintiff filed an Amended Complaint, ECF No. 6, and an Ex-Parte Motion for Emergency Temporary Restraining Order or Preliminary Injunctive Relief, ECF No. 7.  In the Amended Complaint, Plaintiff asserts jurisdiction for his claims pursuant to 28 U.S.C. §§ 1331, 1337, and 1343(a), and Colo. Rev. Stat. 13-1-124(1)(c). He also claims violations of the following: (1) the Fourteenth Amendment; (2) 42 U.S.C. § 1981 et seq.; (3) Civil Rights Act of 1964 for Equal Accommodation Rights, § 2000d; (4) Fair Housing Act of 1968; and (5) protected activities under 18 U.S.C.

§§ 242, 245 and 42 U.S.C. §§ 3631 and 14141,and seeks relief pursuant to Colo. Rev. Stat. §§ 38-35-204(6) for slander of title, and 13-40-102, 103, and 18-4-502(7) for trespassing.  Plaintiff throughout the Amended Complaint refers to his rights under 42 U.S.C. § 1983 and the First Amendment.  Finally, the Plaintiff asks for relief and compensation under Colo. R. Civ. P. 105; a hate crime investigation; an order quieting title to the subject property adjudicating him as the owner; and costs and damages.

Magistrate Judge Boyd N. Boland reviewed the Amended Complaint and on August 14, 2013, order Plaintiff to file a Second Amended Complaint that complies with Fed. R. Civ. P. 8.  Magistrate Judge Boland directed Plaintiff to state his claims clearly and concisely and to assert what each named Defendant did to violate his rights.  Plaintiff filed a Second Amended Complaint on September 16, 2013.

The Court must construe the Second Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

The Court has reviewed the Second Amended Complaint and finds dismissal is proper for the following reasons.  Plaintiff asserts his claims in the same repetitive fashion as he did in the Amended Complaint.  Plaintiff also refers generally to "all Defendants" or to "foreclosing" defendants when identifying who was responsible for performing a specific act.  Plaintiff's claims are conclusory and vague, and the

jurisdictional basis for his claims in part are listed throughout the entire Complaint rather than stated under the section of the Second Amended Complaint that specifically provides for a statement of jurisdiction. Plaintiff has not complied with the August 4 Order. The Court, therefore, finds that a second opportunity to amend is not in the interest of judicial economy and will review the claims as presented.

Plaintiff is claiming ownership of a home that was foreclosed in a state court action against Barry L. Overton and Litisha C. Turner. *See* Amended Compl., ECF No. 6-1, at 3. Plaintiff contends that on June 6, 2011, prior to the foreclosure, he purchased the home in a legal conveyance pursuant to Colo. Rev. Stat. §§ 38-10-123, 38-30-120, and 38-41-101 et seq., and has paid all bills, HOA fees, back fees, and property taxes since purchasing the home. Sec. Am. Compl., ECF No. 11, at 7. Plaintiff further asserts that he has always planned to pay a fair price for the home through a judicial acquisition or settlement with the real owner pursuant to Colo. Rev. Stat. § 38-41-101(5)(a)(i)(ii) but not through a loan or loan assumption. *Id.*

Plaintiff also asserts that the property was subject to a fraudulent foreclosure through issuance of a false confirmation deed to Defendant Bank of New York, Sec. Am. Comp. at 8, and as a result, the Arapahoe County Court lacked authority to issue a writ of restitution and evict Plaintiff from the home, *Id.* at 9. Plaintiff further asserts that his due process rights were violated because the court failed to determine the issue of ownership on the merits and foreclosing attorneys and Defendant Susan conspired with Defendants Judge Ollada and Arapahoe County Sheriffs to effect the unlawful eviction. *Id.* at 11-12.

Plaintiff further contends that the state court, court clerks, and Defendants

Arapahoe County Sheriffs and Susan used "false papers" but were not criminally charged or subjected to civil penalties for doing so, even though their acts were racially motivated. *Id.* at 14. Plaintiff also asserts that on April 5, 2013, Defendants Arapahoe County Sheriffs forcefully removed Plaintiff and his family from the house and, during the eviction, made racial slurs against Plaintiff and his family and stole $7,500 worth of Plaintiff's personal property. *Id.* at 13. Finally, Plaintiff asserts that Defendant Kimberly listed the house for sale on April 7, 2013, even though the property had been stolen. *Id.* at 14.

On Pages One and Two of the Second Amended Complaint, Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983; the Civil Rights Act of 1964 for Equal Accommodation Rights, § 2000d; Fair Housing Act of 1968, § 3601; 18 U.S.C. §§ 242 and 245; 42 U.S.C. §§ 3631 and 14141; Colo. Rev. Stat. § 38-35-204, Slander of Title; and Colo. Rev. Stat. §§ 13-40-102 and 103 and § 18-4-502, Trespassing. On Page Three, under a section titled, "II. Jurisdiction and Venue," Plaintiff refers to § 1983, the First, Fourth, Fifth, Seventh, and Fourteenth Amendments, as well as 28 U.S.C. §§ 1331, 1337, 1343(a), and Colo. Rev. Stat. § 13-1-124(1)(c), for the basis of the jurisdiction and venue for his claims. Throughout the Second Amended Complaint, Plaintiff also refers to 42 U.S.C. § 3601, et seq.; 42 U.S.C. § 1981; The Supremacy Clause; Colo. Rev. Stat. §§ 38-10-123, 38-30-120, and 38-41-101 et seq.; Colo. Const. Art. 2 § 3; Colo. Rev. Stat. § 38-41-101(5)(a)(i)(ii); Colo. Rev. Stat. §§ 38-35-117 and 38-101(6)(b); Colo. Rev. Stat. § 38-10-101; Colo. Rev. Stat. § 13-40-117(2); and Colo. Rev. Stat. § 38-38-504.

Finally, Plaintiff seeks relief and compensation under Colo. R. Civ. P. 105 and

the Bill of Rights of the U.S. Constitution.  Plaintiff also seeks (1) punitive and actual damages; (2) restitution of the property to him; (3) a ruling that the banks and attorneys have no interest in the property and forever are barred and enjoined from asserting a claim in the property; (4) a finding that the state court lacked jurisdiction to rule on the possession rights to the property and to issue a writ of restitution; and (5) an order quieting title to the property and determining that he is the owner of the property in fee simple.

Plaintiff may not challenge the Arapahoe County Court eviction proceeding in this action.  The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d

541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004) *overruled in part on other grounds by Exxon Mobil Corp*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

The Court acknowledges the Tenth Circuit's decision in *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1262 & n.6 (10th Cir. 2012), finding that no final judgment is entered in a Colo. Rev. Civ. P. 120 proceeding (an order authorizing a sale) for purposes of *Rooker-Feldman*. However, as in *Dillard v. Bank of New York*, 476 F. App'x 690 (10th Cir. 2012), Plaintiff is attempting to completely undo the foreclosure and eviction proceeding, which was final before Plaintiff filed this action. *See* Sec. Am. Compl. at 8-14. The Court lacks subject matter jurisdiction in this case to review the ordered eviction under the *Rooker-Feldman* doctrine. *See id.* at 692.

Plaintiff also lacks standing to challenge the foreclosure and trustee sale of the property. Because Plaintiff is not a party to the mortgage entered into by Barry L.

Overton and Litisha C. Turner that was later subject to foreclosure proceedings, Plaintiff lacks the requisite injury-in-fact required to have Article III standing to bring an action in connection with the foreclosure and sale of the property. *See Frempong v. National City Bank of Indiana*, 452 F. App'x 167, 171 (3d Cir. 2011) (no legally protected interest by husband who did not sign mortgage or have name on deed and as a result no injury-in-fact for Article III standing to bring action); *Thomas v. Guild Mortg. Co.*, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011) ( no fraud claims allowed by an individual who is not party to mortgage loan); *Cleveland v. Deutsche Bank Nat. Trust. Co.*, No. 08cv0802-JM(NLS), 2009 WL 250017, *2 (S.D. Cal. Feb. 2, 2009) (husband's claims against lender dismissed because he was not party to contract).

 Furthermore, Plaintiff is not able to establish standing based on the quit claim deed conveying the property to him. *See In re Collado*, 2010 WL 3282595, * 2 (Bankr. S.D. Fla. Aug. 13, 2010) (a residence transferred from a mother to a daughter via a quit claim deed did not establish standing to reform a lender's promissory note and claim fraud because the daughter was not a party to the loan). Finally, the Court distinguishes the recent decision by the Fifth Circuit finding a nonparty to a mortgage had standing to challenge a property sale in foreclosure. *See Reeves v. Wells Fargo Home Mortg.*, — F. App'x —, 2013 WL 5960685 (5th Cir. 2013) (found property interest sufficient where nonparty to mortgage had made payments on the note from 2007 to 2009). That Plaintiff pays all bills, including HOA fees, back fees, and property taxes, does not establish a sufficient interest in the property as does the payment on a note for a period of two years. The Court, therefore, finds that Plaintiff lacks standing to challenge the trustee sale of the property.

The remaining claims, as discussed below, will be dismissed as legally frivolous or because the Court declines supplemental jurisdiction.

Plaintiff's First, Fourth, Fifth, Seventh, and Fourteenth Amendment claims asserted pursuant to 42 U.S.C. § 1983 are without merit and will be dismissed as legally frivolous. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988) (must allege a deprivation of a federal or constitutional right by a person acting under color of state law). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action. But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman,* 584 F.3d 859, 864 (10th Cir. 2009) (internal quotation marks and citations omitted).

Purely private acts are not considered acts under color of state law unless that conduct is furthered by an actual or purported state authority. *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir. 1995); *see also Blum v. Yaretsky,* 457 U.S. 991, 1003 (1982) (court must determine whether the private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment"). To be "fairly attributable to the state,"

> [f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise attributable to the State.

8

*Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir. 1996) (internal quotation marks omitted). If a defendant's conduct does not qualify as state action, no inquiry into § 1983 liability is necessary. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

With the exception of Judge Anne Marie Ollada, the defendants Plaintiff sues are all private parties. Plaintiff asserts conspiracy between Judge Ollada and the other defendants. However:

> When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.

*Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (quoting *Sooner Products Co. V. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (internal quotation marks omitted). This "standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges." *Id.* Plaintiff's conclusory allegations of a conspiracy fail to demonstrate agreement and concerted action between Judge Ollada and other Defendants to deprive Plaintiff of his constitutional rights. Plaintiff's § 1983 claims, therefore, will be dismissed as legally frivolous.

Plaintiff also fails to assert a violation of 42 U.S.C. § 1981. Plaintiff's allegations in the Amended Complaint do not support an arguable claim against Defendants. In order to establish a prima facie case of discrimination under § 1981, Plaintiff must allege that (1) he is a member of a protected class; (2) Defendant had the intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981. *See Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001). The activities protected in § 1981 include "the making,

performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section§ 1981 "proscribes public or private racial discrimination in the formation and enforcement of contracts." *Fitzgerald v. Mountain States Tel. and Tel. Co.*, 68 F.3d 1257 , 1262 (10th Cir. 1995) (citing *Runyon v. McCrary*, 427 U.S. 160, 173-75 (1976)). Plaintiff, however, must identify an actual loss of a contract to state a claim under § 1981 and not merely the possible loss of a future contract opportunity. *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989)) (quotation and citation omitted).

Throughout the Second Amended Complaint, Plaintiff states he is Hispanic. This would meet the requirement that he must be a member of a protected class. Nonetheless, Plaintiff's only claim is that Defendants denied him "an opportunity to retain his home by entering into a judicial settlement and paying for it a price 'fair and equitable under the circumstances.' " Sec. Am. Compl. at 17. Nothing Plaintiff asserts indicates that any specifically named defendant intentionally discriminated against him by interfering with a contract. Plaintiff was not a party to the mortgage that was at issue in the foreclosure he challenges. His alleged loss of opportunity to enter into a judicial settlement and to pay for the house is speculative and does not state an actual loss. As a result, the Court finds that the § 1981 is legally frivolous and must be dismissed.

Plaintiff asserts he is entitled to relief under the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and has a right to equal access to public accommodations regarding his ability to challenge the writ of restitution in state court. Sec. Am. Compl. at 18. Pursuant to 42 U.S.C. § 2000d "[n]o person in the United States shall, on the ground of

race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiff's access to the courts claim does not involve a program that receives federal financial assistance nor is it the sort of claim that is subject to consideration under § 2000d. The § 2000d claim will be dismissed as legally frivolous.

Plaintiff further asserts that he is entitled to relief under the Civil Rights Act of 1968, 42 U.S.C. § 3601, et seq. Plaintiff contends that the Civil Rights Act of 1968 provides for equal access to housing and prohibits discrimination in housing purchase opportunities to Hispanics or Latinos. Plaintiff further contends that because he had possession and ownership under color of title of the property in question, and he legally and constitutionally recorded the ownership with the Arapahoe County Clerk and Recorder's Office, his equal housing rights have been violated pursuant to § 3601 et seq.

The Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619, makes it unlawful "[t]o refuse to sell or rent . . . , or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin." *Id.* § 3604(a). Plaintiff bases his FHA claim on the premise that he has a right to purchase the property through a judicial acquisition or settlement with the real owner. The foreclosure of and eviction from the property was determined by the Arapahoe County Court. The state court found that possession of the property should be restored to the Bank of New York and that "all occupants" be dispossessed of the property. Orig. Compl., ECF No. 1, at 28 (Writ of Restitution). Any determination by this Court that Plaintiff should not be evicted from the property is barred by *Rooker-Feldman.* The

Court, therefore, finds the FHA claim is no more than a thinly veiled attempt by Plaintiff to overturn the writ of restitution entered by Arapahoe County Court evicting Plaintiff from the property. The FHA claim will be dismissed as legally frivolous.

In the Factual Allegations section of the Second Amended Complaint, Plaintiff asserts that the sheriff deputies, who are white, used force to remove him and his family from the property and insulted and used racial slurs against them during the removal. Sec. Am. Compl. at 13. Plaintiff also asserts that at this time the sheriff deputies stole money, gold jewelry and other property worth over $7,500.00. *Id.*

The use of racial slurs "if true, is deplorable and unprofessional," but it does not rise to the level of a constitutional violation. *Williams v. Levansailor,* 153 F.3d 730, *1 (10th Cir.1998) (collecting cases finding verbal abuse alone is not actionable) (unpublished). Further, the Tenth Circuit has found that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (citations omitted). Finding no basis for Plaintiff's racial slurs claim, the Court will dismiss the claim as legally frivolous.

The use of force claim also lacks merit. Plaintiff does not assert the basis for this claim. An excessive force claim asserted under the Fourth Amendment, however, requires a claim that the police caused an actual injury that is not *de minimus*, *see Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007), whether or not the removal of Plaintiff from his home was lawful. *Id.* Plaintiff's force claim is conclusory, vague, and fails to assert an actual injury of force that is not *de minimus*. A complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's force claim is devoid of any supporting

facts and does not support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). This claim, therefore, will be dismissed as legally frivolous.

Plaintiff's property claim also will be dismissed. "[I]f adequate state post-deprivation remedies are available," then intentionally depriving someone of property is not a violation of the Fourteenth Amendment. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir.1988) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). An action in state court invoking the "willful and wanton" act exception to the Colorado Governmental Immunity Act pursuant to Colo. Rev. Stat. § 24–10–118(2) is an adequate state post-deprivation remedy. *See Ali v. Reeves*, 232 F. App'x. 777, 779 (10th Cir. 2007). The Tenth Circuit requires a plaintiff to plead that these remedies are inadequate. *Montana v. Hargett*, 84 F. App'x. 15, 17 (10th Cir. 2003) (unpublished) (citing *Durre*, 869 F.2d at 548). If such a remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991). In order to overcome this presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.* Plaintiff does not allege any facts in his Complaint about the adequacy of his state court remedy. Accordingly, the remedy for his claim asserting a random and intentional deprivation of property by sheriff deputies is pursuant to Colo. Rev. Stat. § 24-10-118, of the Colorado Governmental Immunity Act.

Plaintiff also does not have a private cause of action under 18 U.S.C. §§ 242 and 245. *See generally Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *cf. Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action); *see*

*also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984). The assertion of jurisdiction under §§ 242 and 245, therefore, is legally frivolous.

Finally, the Court will refrain from exercising pendant jurisdiction over Plaintiff's state-law-based claims. Pendant jurisdiction may be exercised in the Court's discretion where "the federal claim [has] substance sufficient to confer subject mater jurisdiction on the court." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966). Federal courts may decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Because all federal claims are being dismissed the state-law-based claims will be dismissed without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed with prejudice with respect to all federal claims either for lack of subject matter jurisdiction or standing or as

legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that all state-law-based claims are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that process of service is quashed and all pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of     December    , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court